YARBOROUGH *vs.* PALMER.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Where a party by contract has a right to certain premises, on performance
of a condition precedent, and he fails, but enters on the premises in
pursuance of his contract, and the adverse party suffers him to remain in
possession more than *a year,* if the latter afterwards enters and takes
forcible possession, he will be considered a trespasser, and liable to
damages.

Where a person has a right of possession, and suffers his adversary to
remain in peaceable possession more than a year, he forfeits his right to
a possessory action, and has no remedy left him but the petitory.

The right of possession and actual possession, authorise the possessor to
bring an action of trespass, and it is the province of the jury to assess
the damages.

The plaintiff alleges he is the owner of a tract or strip of
land, between a certain road and a creek, in the parish of
East Feliciana, part of which the defendant entered into a
written contract to convey to him; that he was in the peacea-
ble possession of the land for more than a year previous to
the 7th February, 1832, when the defendant illegally and
forcibly took possession of the premises, pulled down the
fences and made others, and still retains his illegal posses-
sion; that he has sustained damages in consequence of the
trespass, and being deprived of making his crop, to the
amount of five hundred dollars; for which he prays judgment.

In an amended petition, the plaintiff alleges that the
defendant, with the intention of injuring him, pulled down his
fences adjoining this piece of land, and left open eighty acres
of cleared land, which he was deprived from cultivating, and
trespassed on said land by making a road through and over
it; that by reason of the said trespasses, he has sustained
one thousand dollars damages, and prays judgment therefor.

The defendant pleads the general issue; and avers, that
prior to April, 1819, he purchased two hundred and fifty-five
acres of land, including the disputed premises, from the

20

WESTERN DIST. plaintiff, and has been in possession, and the plaintiff is
*August,* 1834. bound to guaranty the title thereof; that the plaintiff owns a
YARBOROUGH tract adjoining this one, through each of which a public road
*vs.* was established, and it was an object with both parties to
PALMER. have it run in a direct and straight line through their land,
and that they obtained an order from the police jury to this
effect.    The road was to be run and opened at the expense of
the parties to this suit.    That the plaintiff, in order to acquire
a corner of the above tract, of about twenty acres, agreed to
do all the work, and entered into a written agreement to this
effect; and that it was upon this condition he agreed to con-
vey the said corner of land to the plaintiff, that the plaintiff
failed to comply with his engagement, in consequence of
which defendant entered peaceably and without violence
upon this corner of land; he prays that the agreement to
convey it to the plaintiff be cancelled, at the costs of the
latter, and that he be dismissed with his costs.

Upon these pleadings, the cause was submitted to a jury,
upon the evidence produced by the parties respectively.    The
plaintiff introduced in evidence the papers of another suit in
a possessory action for the same premises, between the same
parties, in which he had a verdict.    Witnesses were called,
who proved the pulling down of fences by the defendant, and
the trespasses alleged to be committed and complained of by
the plaintiff, to a certain extent.    The jury found a verdict for
the plaintiff of one hundred and fifty dollars in damages, but
omitted to decide on the written contract relative to making
the road, &c.

The defendant's counsel moved for a new trial, on the
ground that the jury did not pass on the whole case, but
found damages only, without deciding on the performance or
non-performance of the conditions of the contract between the
parties, and which were put at issue by the defendant.

It was in proof, that the plaintiff tendered to the defendant
one hundred dollars, in full compensation for the land in
contest, who refused to receive it, alleging the plaintiff had
not made the road according to contract, and on that ground
he refused to receive the tender.    The motion for a new trial

was overruled. The district judge gave judgment confirming the verdict, from which the defendant appealed.

*Saunders*, for the plaintiff.

*Turner*, for the defendant.

*Mathews, J.*, delivered the opinion of the court.

This is an action of trespass, in which the plaintiff claims remuneration for damages, alleged to have been by him sustained in consequence of the defendant having broken the enclosures of the former by removing the fences on his land, &c. The defendant, in his answer, pleads the general issue, and sets up title to the land on which the trespass is alleged to have been committed, &c. The case was submitted to a jury in the court below, who found a verdict for the plaintiff, and judgment being thereon rendered, the defendant appealed.

The evidence of the cause shows, that the parties were separate owners of two tracts of land adjoining a public road, and that it was found convenient to change the direction of this road, which change had the effect of severing a small portion of the defendant's land from his tract, and leaving it in a situation to be more advantageously occupied by the plaintiff. An agreement was entered into between these proprietors, by which it was stipulated that the defendant sold to the plaintiff that portion of land which fell by the course of the new road on the limit of the tract of the latter. The consideration as the price of the property sold, was one hundred dollars, and the labor and expense of making the new road, which the vendee undertook to make at his own separate charge and expense. A principal allegation in the defence is, that this being a condition precedent, and the plaintiff never having complied with his promise and undertaking, he acquired no title to the premises in dispute. The testimony, in relation to the period or length of time during which the plaintiff was in actual possession of the land sold to him on the conditions above stated, shows that he began

Where a party by contract has a right to certain premises, on performance of a condition precedent, and he fails, but enters on the premises, in pursuance of his contract, and the adverse party suffers him to remain in possession more than *a year*, if the latter afterwards enters and takes forcible possession, he will be considered a trespasser, and liable to damages.

WESTERN DIST. to use it as his own, and continued thus to possess it more *August*, 1834. than one year before the defendant entered, committed the COONEY'S HEIRS trespass complained of, and took the property from the *vs.* plaintiff.
CLARK.

Where a person has a right of possession and suffers his adversary to remain in peaceable possession more than a year, he forfeits his right to a possessory action, and has no remedy left him but the petitory.

The right of possession and actual possession authorise the possessor to bring an action of trespass, and it is the province of the jury to assess the damages.

Under these circumstances, we do not believe the case properly presents any question of title. So far from the appellant having any right forcibly to enter on, and seize the land in dispute, he had, by the lapse of time during which the appellee was suffered to remain in peaceable possession, forfeited his right to a possessory action, and had no remedy left but the petitory. The right of possession acquired by the plaintiff, and actual possession under the contract, authorise the present suit, which is simply an action of trespass. It was the province of the jury to assess his damages, which appear to us not to be excessive.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs; reserving to the defendant his right, if any he have, to sue for a rescission of the contract of sale, &c.